**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 23-cr-108-TSC** |
| | **:** | |
| **MICHAEL JOHN DILLON,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S NOTICE REGARDING POTENTIAL**
**CONFLICT OF INTEREST BY DEFENSE COUNSEL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this notice to alert the Court of a potential conflict of interest in the concurrent representation by defendant Dillon's defense counsel, Attorney John Pierce, of both Dillon and Dillon's companion.   In particular, counsel for the Government has become aware that Attorney Pierce concurrently represents the defendant and the defendant's travel companion, with whom the defendant traveled to Washington, DC on January 6, 2021.   At this time, that individual has not been charged in connection with the January 6, 2021 Capitol riot, and at this early stage it is not yet clear whether the individual could become, for instance, a co-defendant or a possible prosecution witness in the defendant's case.[1]

A defense attorney may have a conflict when they have "divided loyalties due to concurrent or prior representation of another client who is a co-defendant, a co-conspirator, or a government witness."   *United States v. Moscony*, 927 F.2d 742, 749 (3d Cir. 1991); *United States v. Weaver*, 265 F.3d 1074, 1075–77 (D.C. Cir. 2001) (holding that counsel's representation of a client and a potential witness against the client created a conflict of interest).   When a potential conflict

---

[1] Counsel for the government raised the potential conflict to defense counsel by email on March 1, 2023.   Defense counsel responded that, among other things, that he would obtain appropriate conflict waivers from his clients.

1

becomes apparent to the Government, the Government usually assumes the duty of raising the issue to the court and, if necessary, moving for disqualification of counsel. *See, e.g., United States v. Flynn,* 411 F. Supp. 3d 15, 54–55 (D.D.C. 2019) ("Although the government brought the potential for serious conflict of interest to the district court's attention, the Supreme Court's holding in [*Wheat v. United States*, 486 U.S. 153 (1988)] does not compel the government to raise potential conflicts of interest with the Court[.]") (internal citations and quotations omitted); *United States v. Tatum*, 943 F.2d 370, 380 (4th Cir. 1991). When a potential conflict is brought to the attention of the trial court, the court "has the responsibility to investigate further, to advise the defendant personally, and to receive a knowing waiver if that is the expressed wish of the defendant." *Tatum*, 943 F.2d at 379. That said, even where proper waivers are obtained, it is virtually impossible in the earliest stages of trial to predict how conflicts may arise and affect counsel's ability to adequately defend a client. *Wheat*, 486 U.S. at 162-63 (multiple representation poses special dangers to clients because of the practical inability to predict where the lawyer's efforts may be inhibited by a conflict of interest). For this reason, "where a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver, and insist that defendants be separately represented." *Id.* at 162; *see also, e.g., United States v. Childress*, 58 F.3d 693, 734–35 (D.C. Cir. 1995) (per curiam) (finding no abuse of discretion in disqualifying defense counsel whose partner represented co-conspirator "because a conflict between [co-defendants] could have developed during the evolution of the government's conspiracy case").

At this early stage, the United States is filing this notice to advise the Court of the nascent potential for conflict of interest and to request that the Court conduct an inquiry to determine whether the defendant seeks to waive his right to conflict-free counsel, and to ensure than any

written waiver Attorney Pierce may have obtained was done knowingly and with full awareness

of the possible outcomes, including the possibility that an actual conflict might arise that would

interfere with Attorney Pierce's ability to continue to represent the defendant, his companion, or

both.   Should additional information come to light that bears on the potential conflict, the United

States will alert the Court and seek further relief as appropriate.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:        _/s/ Michael L. Barclay_
MICHAEL L. BARCLAY
Assistant United States Attorney
Member of New York Bar
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, DC 20530
Michael.Barclay@usdoj.gov
(202) 252-7669