**Joint Clients Disclosure and Consent Form**

John Pierce Law P.C. ("Attorney") represents Michael John Dillon and David Wismer (hereinafter referred to collectively as "Client," "Clients," and "Joint Clients") on an ongoing basis in connection with claims and defenses regarding the Criminal Matter 23-cr-108-TSC (the "Engagement").

While joint representation may result in economic or tactical advantages, it also involves risks and potential conflicts of interest. This disclosure serves to inform each Client in writing of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to each Client arising from the proposed joint representation, and to obtain the informed written consent of each Client. It also details what Attorney perceives to be the relevant circumstances and the actual and/or reasonably foreseeable adverse consequences of joint representation.

Assuming that all Clients provide their informed written consent, Attorney agrees to represent Joint Clients in the Engagement. Attorney understands that this arrangement is desired by Joint Clients as a means of securing the economic and tactical advantage of joint representation.

State law and Rule 3-310(C)(1) of the California Rules of Professional Conduct require Attorneys to provide written disclosure of any actual and reasonably foreseeable adverse consequences arising from the proposed joint representation, and to obtain all clients' informed written consent to the joint representation. While Attorneys do not perceive any actual or reasonably foreseeable adverse consequences at this time, Joint Clients should consider the following potential adverse consequences prior to consenting to the proposed joint representation:

(1) When an attorney represents only one Client, there is no concern regarding shared or divided loyalties; rather all of the attorney's efforts are focused on representing the interests of that one Client. When an attorney represents two or more clients in the same matter, the attorney acts to protect the interests of each Client, which may result in divided, or at least shared, Attorney-Client loyalties. Issues may arise as to which Attorney's representation of any one Client may be limited by Attorney's representation of any other Joint Client. While neither Attorney nor Client are aware of any such issues at this time, divided loyalty is always a risk in the event of joint representation.

(2) Attorneys owe clients a duty to preserve secrets and confidential communications, unless that duty is excused by the State Bar Act, the Rules of Professional Conduct or other law. When an attorney represents more than one Clients in a matter, pursuant to Evidence Code § 962 and California case law there is no attorney-client privilege with respect to communications that take place between any of the Joint Clients and the attorney should any of the Joint Clients ever have a dispute in which those communications are relevant.

Attorney has a duty to keep all of the Joint Clients reasonably informed of significant developments. Any information either of the Joint Clients discloses to Attorney during the course of the joint representation may be disclosed to the jointly represented clients during the course of the joint representation.

(3) Conflicts may arise in particular with regard to: (a) litigation strategies that can impact different clients differently; and (b) settlement issues, inasmuch as Joint Clients may each have different ideas regarding the propriety of settlement. At this point, Attorney does not have sufficient information to evaluate whether a potential settlement presents a conflict between the Joint Clients' interests. If Attorney perceives there is a conflict with respect to a settlement demand or litigation strategy, there may be a need for Joint Clients to consult independent counsel.

(4) Joint representation may also create an issue regarding custody, or control, of the original file when an attorney-client relationship ends. By signing this agreement, each of you agree that if Attorney stops representing one of you, but continues to represent the other(s), the client(s) represented by Attorney is entitled to maintain custody or control of the original file. The other party or parties is/are entitled to a copy of Client's papers as defined in Rule 3-700(D) of the Rules of Professional Conduct.

(5) In the event of a dispute or conflict between any of the Joint Clients, there is a risk that Attorney may be disqualified from representing one or more of the Joint Clients or that it may otherwise be inappropriate for Attorney to continue with the joint representation absent written consent from each of the Joint Clients.

(6) If there is insufficient insurance or assets to cover the damages of each Clients, there may be disputes regarding how to allocate the insurance proceeds or assets between the Joint Clients.

(7) Joint Clients' complaints or statements of claim may include claims for punitive damages, which presents the potential for a conflict inasmuch as an award of punitive damages is not insurable. Attorney will endeavor to keep each of the Joint Clients advised as to their potential risks and exposure with respect to the punitive damage claim, or with respect to any over policy limits claims should one ever be made.

Because there is currently no conflict of interest, Attorney may jointly represent Joint Clients in connection with the Engagement provided that Joint Clients all give informed consent in writing. Each of the Joint Clients should feel free to consult with independent counsel before finalizing your decision to proceed with the joint representation, including whether or not to sign this conflict disclosure and waiver. Attorney emphasizes that each of the Joint Clients remains free to seek independent counsel at any time even if they decide to sign this consent.

Notwithstanding the foregoing, it is Attorney's current understanding that each of the Joint Clients desires to have Attorney jointly represent them in the Engagement. By signing this Joinder and Conflict Waiver, each of the Clients expressly acknowledges that he/she or it (acting through its authorized representative): (1) has carefully read and fully understands the disclosures set forth above; (2) has carefully considered all of the circumstances and potential conflicts described above; (3) has had the opportunity to consult with independent counsel regarding the disclosures and consent in this agreement; and (4) agrees to the joint representation by Attorney of Clients in the Engagement.

Dated: April 14, 2023

*Micheal John Dillon*
**Michael John Dillon**

Jun 20, 2023

*dave wismer*
dave wismer (Jun 20, 2023 21:16 EDT)

# 8263240-0--113174

Final Audit Report                                                                                          2023-06-21

| | |
|---|---|
| Created: | 2023-06-20 |
| By: | Emily Rutherford (Elambert@armchairlegal.net) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA6sXH1g1NhK0ygGJHMR_oF4nWYrnp42-R |

## "8263240-0--113174" History

- Document created by Emily Rutherford (Elambert@armchairlegal.net)
  2023-06-20 - 10:23:58 PM GMT

- Document emailed to dave wismer (casesusa@yahoo.com) for signature
  2023-06-20 - 10:24:28 PM GMT

- Email viewed by dave wismer (casesusa@yahoo.com)
  2023-06-21 - 1:05:53 AM GMT

- Document e-signed by dave wismer (casesusa@yahoo.com)
  Signature Date: 2023-06-21 - 1:16:57 AM GMT - Time Source: server

- Agreement completed.
  2023-06-21 - 1:16:57 AM GMT

Adobe Acrobat Sign