IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>-v-<br><br>**MICHAEL JOHN DILLON,**<br><br>Defendant | Criminal No.: **1: 23-cr-00108-TSC**<br><br>**DEFENDANT MOTION IN LIMINE TO PRECLUDE ALL DISCUSSION OF SIGNS, BARRICADES OR ANNOUNCEMENTS NOT SEEN BY DEFENDANT as well as ALL DISCUSSION OF BAD ACTS, CRIMES OR GUILT BY PEOPLE OTHER THAN DEFENDANT** |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE ALL DISCUSSION OF SIGNS, BARRICADES OR ANNOUNCEMENT NOT SEEN BY DEFENDANT as well as ALL DISCUSSION OF BAD ACTS, CRIMES OR GUILT BY PEOPLE OTHER THAN DEFENDANT**

COMES NOW, the Defendant Michael John Dillon, by and through his counsel of record John Pierce, with this motion in limine to preclude from trial any evidence, discussion, or argument regarding signs, fencing, dispersal announcements, barricades or other barriers unless the offering party first lays a foundation that Defendant Michael John Dillon actually was in a place to clearly and obviously witness such features.

Defendant Michael John Dillon also request an order precluding the prosecution from offering any evidence, testimony or discussion that others may

have committed bad acts or crimes as a way to impose guilt on Defendant Michael John Dillon by association.

**Background.**

Defendant Michael John Dillon is charged with several criminal offenses which require the United States to prove that Defendant Michael John Dillon knew he was in an unauthorized area or areas.  At trial, Defendant Michael John Dillon will contest these assertions.  Defendant Michael John Dillon freely walked onto the U.S. Capitol grounds on January 6 at a time when there were no signs, warnings, announcements, or police officer resistance.

Under Rules 401 and 403, the government must be precluded from introducing evidence, discussion, or argument of any signs, plaques, notices, "No Trespassing" markings, dispersal announcements, barriers, fences or barricades which Defendant Michael John Dillon could not have seen or heard himself at his location(s).

**The government must not use guilt by association to try to convict Defendant Michael John Dillon.**  Observing disorderly conduct by others is not disorderly conduct.  Observing picketing or parading by others is not picketing or parading by Defendant Michael John Dillon.  Defendant Michael John Dillon is entitled to a trial in which the government must meet a burden of showing *Defendant Michael*

*John Dillon himself* committed disorderly conduct, picketed and paraded, or entered knowingly without authorization.

Under Rules 401 and 403, Defendant Michael John Dillon seek an order precluding prosecutors or prosecution witnesses from arguing or suggesting Defendant Michael John Dillon are guilty of any crime(s) due to the criminal conduct of others. Such evidence or argument is irrelevant, confusing, and misleading.

Dated: October 06, 2023

Respectfully Submitted,

/s/ *John M. Pierce*

John M. Pierce

21550 Oxnard Street

3rd Floor, PMB #172

Woodland Hills, CA 91367

Tel: (213) 400-0725

Email: jpierce@johnpiercelaw.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, October 17, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce