I IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>MICHAEL JOHN DILLON,<br><br>Defendant | Criminal No.: 1:23-cr-00108-TSC<br><br>DEFENDANTS MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT'S UNCONSTITUTIONAL "RAINDROP THEORY" OF COLLECTIVE GUILT |

DEFENDANTS MOTION IN LIMINE TO PRECLUDE
THE GOVERNMENT'S UNCONSTITUTIONAL "RAINDROP THEORY" OF COLLECTIVE GUILT

COMES NOW defendant Michael John Dillon, by and through counsel, with this Motion in limine to preclude evidence and discussion of the government's "raindrop theory" of collective liability. Such a concept is anathema to constitutional due process of law, and wholly alien from the Federal Rules of Evidence.

Under the Constitution, a defendant may be punished only for crimes he himself committed; and not for crimes by a "mob" or for merely being a witness to acts of other people.

Defendant Dillon hereby files this motion in limine to preclude evidence, discussion, or argument of the government's "raindrop theory" that a Jan. 6 defendant can be guilty of federal crimes such as "disorderly conduct" or "picketing and parading" for merely standing or walking

inside the Capitol. This theory has no support in Supreme Court or Circuit Court case law[1] and is wholly alien to due process of law.

The criminal law in the United States requires that to prove a person guilty of a crime, prosecutors must prove the individual guilt of that particular Defendant. Guilt of a crime is not transferable from one person to another. You may not consider evidence that someone else committed a crime to impute or transfer guilt to another Defendant. In general, the criminal law in the United States does not provide for collectivist or group criminal liability. We do not convict crowds or mobs or groups.

Of course it is possible for everyone in a crowd to individually be guilty. But that guilt must be proven individually with respect to each person.

### The danger of allowing "raindrop"-type discussion.

Federal Rules of Evidence, Rule 403, provides that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Any discussion of ideas that a defendant is guilty due to being associated with others in events of January 6 must be precluded because such discussion will confuse and mislead the jury.

"It is well-established that the determination of probable cause must be an individualized matter." *Carr v. District of Columbia*, 565 F. Supp. 2d 94, 99 (D.C. Cir. 2009). See also *Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006). " "To demonstrate that plaintiffs' arrests were valid, therefore, the District must show that it had probable cause to arrest each individual . . ."

---

[1] Sadly, it seems a couple of district courts in January 6 cases have recently adopted the government's theory in order to convict Jan. 6ers of crimes they merely witnessed, or for mere presence near or in the Capitol on January 6.

*Carr*, 565 F. Supp. 2d at 99.

**"The fact that rioting is a group offense does not eliminate the constitutional requirement of particularized suspicion of guilt."** *Id. (emphasis added).* This is true even if the "mob" has a generalized characterization of criminal behavior. *Carr*, supra, at 99.

Collectivist punishment is not permitted nor constitutional within U.S. criminal law. With rare exceptions inapplicable here (such as hiring someone to commit a criminal act), no person under the U.S. Constitution may be prosecuted, convicted or sentenced for what other people did.

CONCLUSION

It is unconstitutional and illegal to prosecute or punish anyone under a collectivist theory. The Constitution explicitly forbids any notion of "corruption of blood" whereby a person can be guilty for the crimes of others. One cannot be prosecuted for being part of a crowd, for being near a crime, witnessing a crime as an observer or bystander, or for guilt by association.

For all the above-stated reasons, this Court should issue an order in limine:

1) Prohibiting and precluding the government from telling or arguing to the jury that a person can be criminally liable for the crimes of a mob, for merely standing or peacefully assembling or walking in a location.

2) Prohibiting and precluding the government from telling or arguing to the jury that a person can be convicted of the crimes alleged in this case by merely witnessing acts of others, or standing or walking in a given place.

3) Prohibiting and precluding the government from arguing that an individual who is merely present can be convicted as a "raindrop" amid a rainstorm of others who cause violence or disruption of events.

**RESPECTFULLY SUBMITED,**

John M. Pierce, Esq.
*Counsel for Defendant*

*/s/ John Pierce*

JOHN PIERCE LAW
21550 Oxnard Street 3rd Floor, PMB #172
Woodland Hills, CA 91367
jpierce@johnpiercelaw.com
(213) 279-7846

## **CERTIFICATE OF SERVICE**

      I hereby certify that my law firm is filing the foregoing with the Court by its ECF record-keeping and filing system, which automatically provides a copy to all attorneys of record.

                                      */s/ John Pierce*
                                      John M. Pierce