UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No.: 1:23-cr-00108-TSC |
| : | |
| MICHAEL JOHN DILLON, : | |
| : | |
| Defendant. : | |

**UNITED STATES' MOTION *IN LIMINE* FOR PRE-TRIAL RULING
ON THE ADMISSIBILITY OF THE GOVERNMENT'S
RESTRICTED PERIMETER AERIAL PHOTOGRAPH EXHIBIT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, moves this Court for a pre-trial ruling on the admissibility of a government exhibit routinely used in January 6 trials, which provides an aerial view of the Capitol grounds with a red line denoting the restricted area that was established on January 6, 2021. The government moves *in limine* with respect to this exhibit because defense counsel herein has, in a number of his other January 6 cases, recently (and unsuccessfully) moved to preclude this exhibit. Because the exhibit is a relevant, fair, and accurate demonstrative exhibit, it is plainly admissible.

**BACKGROUND**

The Defendant has been charged with a number of crimes that took place within a restricted area around the U.S. Capitol building and its grounds on January 6, 2021, as is the case with most January 6 defendants. In at least two other January 6 cases wherein Attorney Pierce is counsel of record, the defendant has moved to preclude an aerial map of that area, which looks as follows:



*See* "Motion *in Limine* to Exclude Falsified Photograph Created for Litigation," ECF No. 62 (filed July 16, 2023), *United States v. Zink*, 21-cr-00191-JEB; "Motion *in Limine* to exclude falsified photograph of purported red line around US Capitol," ECF No. 137 (filed July 16, 2023), *United States v. Kastner*, 21-cr-725-MAU.

Counsel's motion has been rejected twice already, and any similar argument should be rejected here, too. *See* ECF No. 151, *United States v. Kastner*, 21-cr-725-MAU (denying defendant's motions, including his "Motion *in Limine* to Exclude Falsified Photograph Created for Litigation"); ECF No. 72, *United States v. Zink*, 21-cr-00191-JEB (same).

**MOTION**

The Court should find the aerial photograph exhibit admissible. The government anticipates that, in this case, defense counsel is likely to make the same objection relating to this photograph that he has recently made in two of his other January 6 cases.

In those cases, he asserts that the photograph has been "altered" or "falsified," and objects to the image because the red line that appears in the photograph was not actually drawn on the ground on January 6, 2021. ECF No. 62 at 4, *United States v. Zink*, 21-cr-00191-JEB ("The photograph has been falsified, doctored, or altered by a computer-generated red line being added much like the spaceships in the movies like Star Wars."); ECF No. 137 at 4, *United States v.*

2

*Kastner*, 21-cr-725-MAU ("There was of course never any red line painted on the ground around the U.S. Capitol on or about January 6, 2021.").

Defense counsel raises additional objections to authentication in these motions. Defense counsel objects to authentication because none of the government witnesses took the photograph. *Id.* at 7 ("Someone would either have to testify 'I took the photograph flying above the Capitol' or 'I am familiar with the view from above the Capitol and this is a fair representation of looking down on the Capitol from high above the ground.' Certainly no pigeon or other bird who took the photograph has been called to testify."). Defense counsel also argues that, because the photograph was not posted at the Capitol on January 6, it has no probative value. *Id.* ("The fact that no one in the public had access to this photograph with the added red line before January 6, 2021, and no one had any notice of its purported contents renders it of no legal value and no probative value.").

These arguments are without merit. Because the aerial photograph exhibit is a relevant, fair, and accurate demonstrative exhibit, the Court should find it admissible.

## LEGAL STANDARD

Evidence is admissible if the proponent can "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Ev. 901(a); *United States v. Khatallah*, 41 F.4th 608, 623 (D.C. Cir. 2022) (holding that evidence was admissible upon a showing that permitted a reasonable juror to find the evidence was what its proponent claimed it was). The requirements of Rule 901(a) may be satisfied through the testimony of a witness with knowledge "that an item is what it is claimed to be." Fed. R. Ev. 901(b)(1). A witness may authenticate a photograph by testifying that the photograph is a fair and accurate depiction. *U.S. v. Rembert*, 863 F.2d 1023, 1027-1028 (D.C. Cir. 1988). There is no requirement that the person who authenticates a photograph be the photographer. *Id.*, citing *United States v. Taylor*, 530 F.2d 639 (5th Cir. 1976) (trial court admitted photographs taken by an automated bank camera of the

3

public area of a bank while employees were locked in the bank vault, even though no employee could testify as to the accuracy of the scene in the public area while the photographs were taken).

## ARGUMENT

**1) The Photograph is Admissible Because it is Relevant, Fair, and Accurate.**

The aerial photograph is clearly relevant. The Defendant is charged with violating 18 U.S.C. §§ 1752(a)(1) and (a)(2), offenses that involve his presence within the restricted area where the Vice President was temporarily visiting the Capitol on January 6, 2021 for proceedings to certify the Electoral College vote. The photograph is an aerial view of the Capitol building and grounds, and the red line denotes the location of barriers on the outside of the restricted area, as that area was established on January 6, 2021. The exhibit is highly probative because it is a clear visual illustration of the restricted area, which will be further explained by a United States Capitol Police witness with personal knowledge of the restricted area and security measures in place on January 6, 2021. That witness will testify that the red line superimposed on the photograph is a fair and accurate representation of the restricted area, which was in place around the Capitol on January 6, when Vice President Pence was be visiting. The witness will also explain the use of bike rack barricades, "area closed" signs, and officers to set and secure the security perimeter. This anticipated testimony satisfies the authentication and admissibility standards.

Furthermore, the exhibit is not unfairly prejudicial, given jurors have day-to-day experience using aerial maps with superimposed lines on them. For example, jurors likely use sites and apps such as Google or Apple maps, which superimpose lines representing state borders that do not exist as actual painted lines across the physical territory. For the same reason, jurors also will not be under any misimpression that the red line on the photograph was *actually painted* on the street. Therefore, under Federal Rules of Evidence 401, 402 and 403, this Court should find this exhibit admissible, so that it may be authenticated at trial.

**2) The Photograph is Admissible as a Demonstrative Exhibit.**

Moreover, this exhibit serves as a demonstrative exhibit. "Federal Rule of Evidence 901(a) provides the basis for admissibility of a demonstrative exhibit: 'To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.'" § 8:45. *What are the foundational requirements for a demonstrative exhibit?*, Larsen, Navigating the Federal Trial § 8:45 (2023 ed.) (collecting cases). "[F]oundation will be established under Rule 901(b)(1) by a witness with knowledge testifying the demonstrative exhibit (e.g., photograph, sketch, drawing, chart, map, or diagram) is a 'fair and accurate' depiction or representation of the scene or the article. If there are differences between the demonstrative exhibit and the scene or article it purports to depict, those differences usually go the weight and not the admissibility of the exhibit." *Id.*; *see also, e.g.*, *U.S. v. Humphrey*, 279 F.3d 372, 376–77 (6th Cir. 2002) (finding, in bank embezzlement case involving coins, trial court did not abuse discretion by admitting as evidence 107 coin bags filled with styrofoam and not coins, even though the court did not expressly weigh probative value against possible prejudice); *U.S. v. Emmons,* 24 F.3d 1210, 1216–17 (10th Cir. 1994) (finding, in prosecution for manufacturing marijuana and related charges, trial judge did not abuse discretion by admitting into evidence a hand-drawn sketch of the marijuana cultivation operation because the government witness made a sufficient foundation for the admission of the sketch under Fed. R. Evid. 901(a)); *U.S. v. Russell*, 971 F.2d 1098, 1104–06 (4th Cir. 1992), *as amended*, (Aug. 12, 1992) (finding, in prosecution for first-degree murder, trial judge did not abuse discretion by admitting a replica gun and ammunition, where neither the victim's body nor the murder weapon was found, because the demonstrative evidence was relevant under Federal Rules of Evidence 401 and 402, and was not so prejudicial as to require exclusion under Federal Rule of Evidence 403).

The alternative to using this summary exhibit would be having a witness present numerous photographs of representative segments of the restricted perimeter, demarcated by bike rack barricades and "area closed" signs. To do so would be a waste of the Court's, the parties', and the jurors' time, and the Court may control the mode and order of the presentation of witnesses to avoid this. Fed. R. Evid. 611(a)(2). Thus, when authenticated by the appropriate Capitol Police witness, this exhibit is proper demonstrative evidence, and the superimposed red line goes to the exhibit's weight, not its admissibility.

**3) The Defendant Cannot Show the Exhibit is Not Fair, Accurate, and Admissible.**

In counsel's prior motions on this issue, he contends that the aerial photograph outlining the restricted Capitol Grounds is "falsified, doctored, or altered," and refers to it as "fabricated," because of the addition of the red line. *See* ECF No. 62 at 3-4, *Zink*, 21-cr-00191-JEB. He also states that it can only be authenticated by a person "who is familiar with flying above the U.S. Capitol and viewing it from the air." *Id.* at 7.

Defense counsel cannot show that the exhibit is inaccurate, much less that the photograph is "falsified," which is presumably why counsel's arguments were rejected in *United States v. Kastner* and *United States v. Zink*, and why similar arguments have been rejected in courts nationwide. *Kastner*, ECF No. 151 (July 28, 2023 Order denying defendant's motions, including his "Motion in Limine to Exclude Falsified Photograph Created for Litigation"); *Zink*, ECF No. 72 (same); *see also, e.g., United States v. Thomas*, No. 98-41331, 2000 WL 1028971 at *5 (5th Cir. July 5, 2000) (approving admission of maps, printed with added lines, to show that defendant sold cocaine within 1,000 feet of a playground, when authenticating witness had not personally measured distances), *cert. denied sub nom. Torres v. United States*, 532 U.S. 1010 (2001).

Counsel also previously argued for preclusion of the exhibit because the photograph was not posted publicly on January 6, 2021. The public posting of such a picture is not a prerequisite

to admissibility or to establishing a restricted building or grounds under 18 U.S.C. § 1752 or any other statute. The defense has, in previous filings, focused on the knowledge element of the defendants' offenses, but the government is required to prove *all* elements of these charges, including the fact that the defendant was within the restricted area on January 6, 2021. This requires proof of the restricted area's boundaries, rendering the aerial photograph exhibit particularly relevant. Furthermore, the Defendant may cross-examine witnesses about the exact contours of the restricted area to challenge the reliability of the exhibit.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court rule that the government's exhibit is admissible.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    /s/ John Oxenreiter
JOHN OXENREITER
New York Bar Reg. No. 5511597
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, DC 20530
John.Oxenreiter@usdoj.gov
(202) 252-7228

MICHAEL L. BARCLAY
New York Bar Reg. No. 5441423
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, DC 20530
Michael.Barclay@usdoj.gov
(202) 252-7669