UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      v.                                      Case No.: 1:23-cr-00108-TSC

MICHAEL JOHN DILLON,

    Defendant.

**RESPONSE TO GOVERNMENT'S *MOTION IN LIMINE*
REGARDING CROSS-EXAMINATION OF U.S. SECRET SERVICE WITNESS**

**A. The Court Must Allow Cross-Examination of Witnesses at Trial If Questions Implicate Defendant's Affirmative Defenses**

Defendant's counsel agrees that a district court has the discretion to limit cross examination when information at issue is of a sensitive nature. However, where information is related to Defendant's affirmative defense, the court must allow counsel to cross-examine the U.S. Secret Service witnesses in accordance with the Confrontation Clause. The Confrontation Clause under the Sixth Amendment provides defendants the constitutional right to cross-examine or confront the witnesses against them. *See* U.S. Const. Sixth Amend. This right trumps the government's right to protect information of a "sensitive nature" particularly here where an argument can be made that there is no longer any danger involved. In other words, January 6th has been over for two years but the defendant's danger, of receiving an unjust sentence, is ongoing. Therefore, the court must allow cross-examination of the Secret Service witnesses at trial, either in an open trial or as government's counsel suggested, in an *in camera* proceeding.

**B. Cross-Examination of Secret Service Witnesses Should Not Be Limited to Whether the Capitol was Restricted on January 6, 2021**

Clearly, Secret Service witnesses will be able to provide information about which areas were restricted on January 6, 2021. However, the jury should also have to hear whether the

1

Secret Service witnesses agree that a person could unintentionally enter a restricted area. If signs, barricades, or announcements are not seen or heard by a passerby, then even if grounds were "restricted," the passerby would have no reason to know. If a restricted area's designation could change based on the facts and circumstances on the ground, as in the January 6 incident where the protest incident could have led protesters to enter a restricted area because such area was in fact a safer location than being in the middle of a mob, then a passerby might find it within reason to enter the restricted area for his own safety. The argument that broader cross-examination could compromise national security cannot stand when assessed against the benefit that such cross-examination could have on a defendant's determination of truth.

## CONCLUSION

For these reasons, Defendant requests that the Court enter an order expanding the scope of cross-examination of any Secret Service witness. If the Court determines an evidentiary hearing is necessary to rule on this motion, Defendant asks that the hearing be held *in camera*.

Dated: November 15, 2023

Respectfully Submitted,

*/s/ John M. Pierce*

John M. Pierce

21550 Oxnard Street

3rd Floor, PMB #172

Woodland Hills, CA 91367

Tel: (213) 400-0725

Email: jpierce@johnpiercelaw.com

3

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, November 15, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce  
John M. Pierce
