UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      v.                                            Case No.: 1:23-cr-00108-TSC

MICHAEL JOHN DILLON,

    Defendant.

### RESPONSE TO GOVERNMENT'S *MOTION IN LIMINE* REGARDING EVIDENCE ABOUT THE SPECIFIC LOCATIONS OF U.S. CAPITOL POLICE SURVEILLANCE CAMERAS

**A. The Court Must Allow the Presentation of Evidence and Cross-Examination of Witnesses at Trial**

Defendant's counsel agrees that a district court has the discretion to limit the presentation of surveillance camera evidence when information at issue is of a sensitive nature, causes harassment, prejudice, confusion of the issues, or is repetitive or cumulative. However, where evidence is related to Defendant's affirmative defense, the court must allow such evidence to be introduced in accordance with the Confrontation Clause. The Confrontation Clause under the Sixth Amendment provides defendants the constitutional right to cross-examine or confront the witnesses against them. *See* U.S. Const. Sixth Amend. This right trumps the government's right to protect information of a "sensitive nature" particularly here where an argument can be made that there is no longer any danger involved. In other words, January 6th has been over for two years but the defendant's danger, of receiving an unjust sentence, is ongoing. Defendant is not asking to introduce the exact positions of all cameras and all camera maps, only the one's relevant to the defendant's particular location on January 6. This evidence can be revealed without compromising the Capitol Police's protective function. Ultimately, the purpose of Capitol Police's surveillance system, paid for with taxpayer funds, is not *only* to protect Congress but to protect the rights of any American on the premises. Withholding such evidence in the

1

name of national security is too broad an explanation. Therefore, the court must allow such evidence at trial, either in an open trial or in an *in camera* proceeding.

> **B. Defendants Should Be Allowed to Question Witnesses about the Exact Positions of Capitol Police Cameras, Introduce Such Evidence Themselves, or Admit Capitol Police Maps of Camera Coverage**

Clearly, Capitol Police, through its surveillance camera system, will be able to provide information about which areas the Defendant entered on January 6, 2021. The defense should be allowed to showcase exactly what Capitol Police's cameras show, and what they don't, not by asking about the general location of each camera, but by asking for exact locations and maps. It is no defense that "the ongoing security needs of the Capitol" requires limited access to the cameras' location. We are talking about only a small section of cameras, a single area of maps, from two years ago. As almost three years have passed, it is highly likely that the camera locations have been updated with the expectation that such camera footage and maps, once publicly released, could compromise interior security. But only the exact locations of the cameras and maps used to locate those cameras, in use that day, can protect Defendant's first amendment rights here. In cases like this one, where a Defendant's exact location is the difference between a successful and an unsuccessful defense on Count 1, a jury would almost expect to be presented with exact locations and exact footage, and not general locations. The argument that it would confuse the issues, mislead the jury, or create side issues or a mini-trial under Rule 403 is simply unpersuasive.

## CONCLUSION

For these reasons, Defendant requests that the Court enter an order allowing the presentation of evidence about the precise locations of Capitol Police surveillance cameras, including through the use of Capitol Police maps. If the Court determines an evidentiary hearing

is necessary to rule on this motion, Defendant asks that the hearing be held, at the very least, *in camera*.

| | |
|---|---|
| Dated: November 15, 2023 | Respectfully Submitted, |
| | */s/ John M. Pierce* |
| | John M. Pierce |
| | 21550 Oxnard Street |
| | 3rd Floor, PMB #172 |
| | Woodland Hills, CA 91367 |
| | Tel: (213) 400-0725 |
| | Email: jpierce@johnpiercelaw.com |

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, November 15, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

<u>/s/ John M. Pierce</u><br>John M. Pierce