UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.: 1:23-cr-00108-TSC |
| | : | |
| MICHAEL JOHN DILLON, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
### *IN LIMINE* TO PRECLUDE EVIDENCE OF MEDICAL INJURIES

The United States of America respectfully submits this opposition to defendant Michael John Dillon's motion *in limine* to preclude "any statements, arguments, testimony, or evidence of police injuries unless corresponding, timely, injury reports and medical records are provided in advance through discovery." (ECF No. 33.) Because Dillon's motion cites no legal basis for relief and is both premature and overbroad, it should be denied.

In his motion, Dillon states that "[u]ndersigned counsel has previously had Jan. 6 trials in which government witnesses suddenly sprung unannounced claims of injuries." *Id.* Counsel claims that an officer-witness in another January 6 matter, *United States v. Kenneth Thomas*, 21-cr-00552-DLF, claimed for the first time on the stand that he suffered from "post traumatic syndrome disorder" ("PTSD") due to the defendant's actions in that case.[1] Without citation and by *ipse dixit* alone, Dillon asserts that "[t]hose with PTSD are a danger to both themselves and

---

[1] While not germane to the resolution of this motion, Dillon misstates the circumstances of the *Thomas* witness. The defense team there was not, in fact, "sprung" with any new information regarding a victim-witness; rather, consistent with Judge Friedrich's ruling in that case, the government provided the underlying information to the defense prior to the witness' testimony. *See* Minute Order dated May 21, 2023, *Thomas*, 21-cr-552-DLF ("As to materials relating to Officer R.N., no Brady or Jencks Act violation could have occurred because on May 17, 2023, before Office R.N. testified, the defense was provided with *all 302 reports* relating to Officer R.N, including the May 2023 302 report.").

1

others" and "police training requires that officers must report all injuries as soon as practically possible." *Id.* at 2. Dillon therefore moves to preclude the government from "presenting police (or other) witnesses who claim to suffer medical harms or mental injuries stemming from the defendant unless those witnesses previously documented their injuries, as the law and policies require, and unless defense counsel has been timely provided with all medical records and statements."

"[M]otions in limine are a means for arguing why 'evidence should or should not, for evidentiary reasons, be introduced at trial.'" *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (emphasis omitted) (quoting *Williams v. Johnson*, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)). They "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Id.* at 10 (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). The court has "broad discretion in rendering evidentiary rulings, . . . which extends . . . to the threshold question of whether a motion in limine presents an evidentiary issue that is appropriate for ruling in advance of trial." *Id.* at 11. "[I]n some instances it is best to defer rulings until trial, [when] decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Id.* (quoting *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011)).

Dillon's instant motion cites no legal or evidentiary basis for the relief he seeks. It is worth emphasizing that Dillon is charged with four misdemeanor charges relating to his conduct at the Capitol on January 6, 2021—18 U.S.C. §§ 1752(a)(1) and (2), 40 U.S.C. §§ 5104(e)(2)(D) and (G)—and not with assaulting any officer. Nonetheless, Dillon's motion supposes that officer witnesses in his trial may "claim to suffer medical harms or mental injuries stemming from the defendant[.]" (ECF No. 33 at 2). While the Government is not currently aware of any such harms

directly caused by Dillon's conduct, Dillon's motion does not actually present any "evidentiary issue that is appropriate for ruling in advance of trial" and should be denied for that reason alone. *Cf.* Fed. R. Evid. 402 (evidence that is not barred is admissible).

Dillon is instead effectively seeking a preemptive discovery sanction. The parties will exchange their witness lists on or before December 5, 2023. (ECF No. 31.) The Government will comply with its obligations to disclose any information in its possession pertinent to those witnesses under *Brady*, *Giglio*, and *Jencks*. The defense's motion thus rests on speculation as to what the government's witnesses will say and should be denied as premature until the "context, foundation, and relevance of the contested evidence" becomes clear.

Finally, the relief Dillon seeks is also overbroad. Dillon's request would preclude officers from testifying about any mental or physical injuries even where medical documentation of those injuries does not exist. (ECF No. 33 at 2.) *If* the defense has a well-founded, good faith basis that a given officer was required to document such injury and failed to do so, the appropriate remedy would be rigorous cross-examination, not preclusion.

Accordingly, the Court should deny Dillon's motion *in limine* to preclude "government statements of medical injuries by defendants unless timely, corrosponding [sic], injury reports and medical records exist[.]"  ECF No. 33.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      United States Attorney
                                      D.C. Bar No. 481052

By:   */s/ Michael L. Barclay*
         MICHAEL L. BARCLAY
         Assistant United States Attorney
         New York Bar Reg. No. 5441423
         U.S. Attorney's Office for the District of Columbia
         601 D Street NW
         Washington, DC 20530
         Michael.Barclay@usdoj.gov
         (202) 252-7669

         JOHN OXENREITER
         New York Bar Reg. No. 5511597
         Assistant United States Attorney
         U.S. Attorney's Office for the District of Columbia
         601 D Street NW
         Washington, DC 20530
         John.Oxenreiter@usdoj.gov
         (202) 252-7228