**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No.: 1:23-cr-00108-TSC** |
| | : | |
| **MICHAEL JOHN DILLON,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT DILLON'S**
**MOTIONS *IN LIMINE* TO PRECLUDE UNSEEN SIGNS,**
**TO PRECLUDE EVIDENCE OF BAD ACTS OF OTHERS,**
**AND TO PRECLUDE ARGUMENT OF THE "RAINDROP THEORY."**

The United States of America respectfully submits this opposition to defendant Michael

John Dillon's motions *in limine* (1) to preclude admission "from trial any evidence, discussion, or

argument regarding signs, fencing, dispersal announcements, barricades or other barriers unless

the offering party first lays a foundation that [Dillon] actually was in a place to clearly and

obviously witness such features" (ECF No. 32 at 2); (2) to preclude evidence or argument of

Dillon's "guilt by association" with the others in the mob who committed crimes (ECF No. 32 at

2-3, ECF No. 34 at 1) or Dillon's guilt for "merely witnessing acts of others, or standing or walking

in a given place" (ECF No. 34 at 3); finally, (3) to preclude the government from arguing the

"raindrop theory" (ECF No. 32 at 1-2; ECF 34 at 1-2).[1]   Because both motions conflate key

elements of the offenses with which Dillon is charged, both should be denied.  (ECF No. 32, 34.)

### 1.   THE COURT SHOULD NOT PRECLUDE EVIDENCE OF UNSEEN SIGNS

The Court should not preclude evidence of signs that Dillon did not see, because the

government must prove that the U.S. Capitol and Grounds were a restricted area, and not merely

that Dillon knowingly entered or remained and engaged in disorderly or disruptive conduct on

---

[1] Because Dillon's second and third motion overlap significantly, the government responds with a single opposition
to both motions.  *See* ECF No. 32 at 1-2; ECF 34 at 1-2.

those restricted grounds.

The defendant conflates two separate elements of a violation of 18 U.S.C. § 1752(a)(1) and (a)(2). In subsection one, the government must show:

1) The defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2) The defendant did so knowingly.

In subsection two, the government must show:

1) The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2) The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

3) The defendant's conduct occurred when, or so that, her conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Each offense requires the government to prove both the *existence* of a restricted building or grounds, and separately that the defendant acted *knowingly* within that building or grounds.

By law, "the term 'restricted buildings or grounds' means any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). The government must prove independently that the defendant entered or remained in an area that was posted, cordoned off, or otherwise restricted.

Next, the government must show that Dillon committed his acts knowingly. It is within this element that Dillon apparently agrees that the government must be allowed to present evidence of "signs, fencing, dispersal announcements, barricades, or other barriers" that he himself saw, to show his knowledge.

Here, the factfinder should be provided with evidence that Dillon personally saw indicia

that his presence was unlawful, which will establish that he acted with knowledge of the restricted building and grounds. However, the requirement that the government prove that the defendant acted *knowingly* does not negate the government's obligations to prove the restricted area existed in the first place; to meet this obligation, the government must be allowed to present evidence of that restricted area, which may extend to "signs, fencing, dispersal announcements, barricades or other barriers" that Dillon did not see himself.

Therefore, the government respectfully requests this Court deny the defendant's motion for an *in-limine* order precluding evidence of unseen signs.

## 2. THIS COURT SHOULD NOT PRECLUDE EVIDENCE OF BAD ACTS OF OTHERS

Dillon seeks an order to limit the government from offering evidence that others may have committed bad acts or crimes, to impose guilt by association, or to impose guilt for "merely witnessing acts of others, or standing or walking in a given place" (ECF No. 34 at 3).

It *would* be improper to argue that Dillon should be found guilty based solely on the acts of others, and it would be improper to argue that he should be found guilty based solely on witnessing the crimes of others. However, Dillon's actions were part of a larger context, and evidence showing the full scope of the events of January 6 is relevant to the charges against him.

Evidence about the actions of others on January 6 is relevant to the charged crimes and necessary to the presentation of the government's case. The bad acts of others are relevant to show how Dillon's individual actions affected the certification of the election (*see* Section 3 *infra*) and to show his intent and knowledge of the unlawfulness of his actions. *See, e.g.*, *United States v Gunby*, 21-cr-626-PLF, August 4, 2023, 2023 WL 4993483at *4; *United States v. MacAndrew*, 21-cr-730-CKK, Dec. 27, 2022, 2022 WL 17961247, at *3 ("[T]he conduct and statements made by the mob surrounding defendant . . . bear on defendant's mental state at the time of the charged

3

offenses."); *United States v. Griffith*, 21-cr-244-2-CKK, Feb. 16, 2023, 2023 WL 2043223, at \*3

("[W]hat Defendant saw and heard around him goes precisely to his knowledge and intent.")

### 3.  THIS COURT SHOULD NOT PRECLUDE THE GOVERNMENT FROM ARGUING THE "RAINDROP THEORY."

Dillon seeks an order to limit the government from arguing three separate theories. First,

that he could be guilty of crimes committed by others; second, that he could be guilty of *merely*

witnessing the crimes of others; third, that he could be guilty as a "raindrop" amid a rainstorm of

others who cause violence or disruption. *Id*. at 3-4.  Dillon requests such an order without citing

to any authority for such a request, other than a general reference to the Constitution and to Rule

403 of the Federal Rules of Evidence.

Dillon is charged with 18 U.S.C. § 1752(a)(2), which requires that the government prove

that his disorderly or disruptive conduct "in fact, impede[d] or disrupt[ed] the orderly conduct of

Government business or official functions."  Dillon was one of thousands of rioters who entered

restricted Capitol grounds, and whose conduct, collectively, caused the Joint Session to go into an

emergency recess and delayed the certification of the Electoral College vote on January 6, 2021.

Although not mentioned in ECF No. 32, and only appearing in ECF No. 34, the "raindrop

theory" addresses the relevance of the class of evidence Dillon seeks to preclude in both motions

(*see* section 2 *supra*).  The phrase "raindrop theory" comes from *United States v. Rivera*, where

Judge Kollar-Kotelly wrote:

> The following metaphor is helpful in expressing what [18 U.S.C. § 1752(a)(2)] *does*
> require. Just as heavy rains cause a flood in a field, each individual raindrop itself
> contributes to that flood. Only when all of the floodwaters subside is order restored
> to the field. The same idea applies in these circumstances. Many rioters collectively
> disrupted Congressional proceedings, and each individual rioter contributed to that
> disruption. Because [the defendant's] presence and conduct in part caused the
> continued interruption to Congressional proceedings, the Court concludes that [the
> defendant] in fact impeded or disrupted the orderly conduct of Government
> business or official functions.

4

607 F.Supp.3d 1, 9 (D.D.C. 2022) (emphasis in original).

Recently, in *United States v Gunby*, Judge Friedman denied a similar motion filed by the same defense counsel in this case. In that case, the defendant asked the Court to preclude the same arguments that Dillon asks to be precluded in this case. The Court ruled:

> Although [the defendant] is correct that he cannot be punished for offenses committed by others, the government alleges that he himself committed four misdemeanor offenses on January 6, 2021. [The defendant]'s conduct did not occur in a vacuum, and thus the actions of others may be relevant, and indeed necessary, to the government's case against [the defendant]. The government may introduce evidence about the rest of the crowd, and Court [sic] will not circumscribe the government's rhetoric as [the defendant] requests.

2023 WL 4993483 at *5.

At trial, the government must show that Dillon knowingly took part in his criminal actions. The government intends to show that Dillon knowingly impeded or disrupted Congressional proceedings, as part of a much larger collective action.  It was this knowing, collective action that caused the disruption and interruption of the Congressional proceedings.

The government agrees with Dillon that the factfinder's inquiry at trial should focus on his actions; however, this does not mean that the factfinder must remain blind to what was occurring around Dillon when he chose to take part in the interruption of the Congressional proceedings. The rest of the flood is relevant to whether Dillon chose to be a raindrop within it.

The government has never used the "raindrop theory" to prove every element of offenses charged related to the events of January 6, 2021, or to introduce evidence of guilt by association, or to criminalize the simple "observation" of the criminal conduct of others. Instead, in *Rivera* the Court used the metaphor to show how a single defendant could contribute to the interruption of Congressional proceedings in the larger context of the breach of the Capitol—one element of the

offense. For the reason given in *Gunby*, *MacAndrew*, and *Rivera*, the government should not be precluded from arguing that the defendant was a raindrop in that flood.

Therefore, the government respectfully requests this Court deny Dillon's motion for *in-limine* orders precluding certain evidence and arguments.

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     */s/ John Oxenreiter*
JOHN OXENREITER
New York Bar Reg. No. 5511597
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, DC 20530
John.Oxenreiter@usdoj.gov
(202) 252-7228

MICHAEL L. BARCLAY
New York Bar Reg. No. 5441423
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, DC 20530
Michael.Barclay@usdoj.gov
(202) 252-7669