**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

       **v.**                                 **Case No.: 1:23-cr-00108-TSC**

**MICHAEL JOHN DILLON,**

     **Defendant.**

**DEFENDANT'S RESPONSE TO GOVERNMENT'S *MOTION IN LIMINE***
**REGARDING ADMISSIBILITY OF THE GOVERNMENT'S**
**RESTRICTED PERMITED AERIAL PHOTOGRAPH EXHIBIT**

The court should find the aerial photograph/art exhibit inadmissible. The redline image is misleading, confusing and overly prejudicial under Rule 403 so the court should in its discretion exclude the exhibit from being presented to the jury.

**A. The Photograph is Inadmissible Even as a Demonstrative.**

The redline "photograph" should be inadmissible under the Rule 403 balancing test. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Normally, "real evidence" is admitted for the truth of what it represents; on the other hand, "demonstrative evidence," while probative, is not necessarily admitted for its truth but rather as an "aid used to explain or illustrate a witness's testimony or the presentation of the proponent's case." *See Guide to NY Evid rule* 11.03 [1]; *see e.g. Hinlicky v Dreyfuss*, 6 NY3d 636, 645-647 (2006) (flow diagram). Here, the photograph/artwork depicts areas off-limits to trespassers and seeks to draw attention to the particular areas using a solid red line, knowing that a jury will immediately put two plus two together and conclude that anyone within that area was knowingly illegally present. The photograph may be relevant to support government claims that the defendant was present

within the restricted area.  However, that is not the end of the story.  The court must analyze the relevant evidence under the 403 balancing test and, upon doing so, can only come to one conclusion: the red line will mislead or confuse the jury by giving a distorted representation of the relevant fact.  As an "aid used to explain or illustrate a witness's testimony or the presentation of the proponent's case," there is another, much less prejudicial, way to present the photograph: remove the red line.  As the government argues, the red line denotes the location of barriers on the outside of the restricted area as that area was established on January 6, 2021.  However, there are numerous other visual means to denote the location of barriers without doctoring a photograph with a brightly colored outline in the same way a fourth-grade student would draw attention to an item on her Microsoft Powerpoint presentation to her lay classmates.  The government argues that the jury is used to seeing aerial maps with lines superimposed representing state borders.  However, this is not a road trip, a defendant's personal freedom is at risk.  Of course, the jury will not conclude that the red line was actually painted on the photograph, but it is easy to see how the jury might conflate the line with an illegal act on the part of the defendant.  Rule 403 was created to eliminate this risk.  In sum, the aerial image is misleading, confusing and overly prejudicial under Rule 403 and should be excluded from presentation to the jury.

**B.  The Photograph is Inadmissible as a Demonstrative Exhibit.**

Under normal circumstances, this type of exhibit would be admissible as a demonstrative exhibit under Rule 901(a).  The government argues that "[F]oundation will be established under Rule 901(b)(1) by a witness with knowledge testifying the demonstrative exhibit (e.g., photograph, sketch, drawing, chart, map, or diagram) is a 'fair and accurate' depiction or representation of the scene or the article.  If there are differences between the demonstrative exhibit and the scene or article it purports to depict, those differences usually go the weight and

not the admissibility of the exhibit."  The government then concludes "when authenticated by the *appropriate* Capitol Police witness, this exhibit is proper demonstrative evidence, and the superimposed red line goes to the exhibit's weight, not its admissibility. (emphasis added)"  Note the government's use of the word "appropriate."  Under normal circumstances, appropriate may just mean a Capitol Police witness with personal knowledge of the Capitol's restricted perimeter, but January 6, 2021 was not a normal circumstance.  Already, released footage has begun to cast doubt on the government's involvement as partial instigators of the riot.  *Subcommittee on Oversight releases USCP Video Public Access Policy*, UNITED STATES COMMITTEE ON HOUSE ADMINISTRATION, Nov. 17, 2023, https://cha.house.gov/2023/11/subcommittee-on-oversight-releases-uscp-video-public-access-policy.  The U.S. House of Representatives has released the initial tranche of US Capitol Police CCTV footage from Jan. 6 to the public and more is forthcoming.  As more and more evidence implicates government witnesses from Capitol Police to the FBI, then choosing the "appropriate" Capitol Police witness becomes an issue in and of itself.  Ultimately, it should cause the court to cast some doubt on the admissibility of the aerial photograph as demonstrative evidence.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court rule that the aerial photograph exhibit is inadmissible.

Date: November 24, 2023                                             Respectfully Submitted,


                                                                    */s/ John M. Pierce*
                                                                    John M. Pierce
                                                                    21550 Oxnard Street
                                                                    3rd Floor, PMB #172
                                                                    Woodland Hills, CA 91367
                                                                    Tel: (213) 400-0725
                                                                    Email: jpierce@johnpiercelaw.com

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, November 24, 2023, I caused a copy of the

foregoing document to be served on all counsel through the Court's CM/ECF case filing system.


/s/ John M. Pierce
John M. Pierce