## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 1:23-cr-0108 (TSC)** |
| **v.** | : | |
| | : | |
| **MICHAEL JOHN DILLON,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S REPLY IN SUPPORT OF ITS
## MOTION IN LIMINE ON THE ADMISSIBILITY OF THE
## <u>RESTRICTED PERIMETER AERIAL PHOTOGRAPH EXHIBIT</u>

The Court should admit the aerial photograph depicting the restricted perimeter surrounding the U.S. Capitol, described in the government's motion *in limine* (ECF 37), because it is a relevant, fair, and accurate demonstrative exhibit that will help the jury understand the limits of the restricted grounds on January 6, a key element of both 18 U.S.C. § 1752(a)(1) and (a)(2).

In his opposition (ECF 48), defendant Michael John Dillon argues that the exhibit is likely to confuse the jury.  Dillon's argument conflates the government's need to prove Dillon's knowledge of the restricted area with the government's need to prove the existence of the restricted area and its parameters.  ECF 48 at 1-2.  He also argues—unsupported by facts—that the Capitol Police were "partial instigators" of the riot, which would be irrelevant to the admissibility of this or any other exhibit.  *Id*. at 3. For the reasons discussed below, the Court should reject Dillon's arguments, and admit the exhibit.

At trial, the government must prove both that the U.S. Capitol and Grounds were a "restricted" area, and that Dillon knowingly entered or remained and engaged in disorderly or disruptive conduct on those restricted grounds.

The aerial photograph will show the jury the boundaries of the restricted grounds.  By law, "the term 'restricted buildings or grounds' means any posted, cordoned off, or otherwise restricted

area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). Dillon apparently agrees that demonstrating the dimensions of the restricted grounds is a permissible use for the exhibit. ECF 48 at 1-2 ("The photograph may be relevant to support government claims that the defendant was present within the restricted area."). Indeed, this is the purpose for which the exhibit will be used.[1]

The government must also show that Dillon acted knowingly. Dillon mistakenly asserts that the aerial photograph will be used to show Dillon's own knowledge. ECF 48 at 1 (stating, without explanation, that "a jury will immediately put two plus two together and conclude that anyone within that area was knowingly illegally present"). But that is not the government's proffered purpose for this evidence. Dillon offers no support for his claim that the exhibit will necessarily lead to the conclusion by the jury that he knowingly crossed the line into the restricted grounds. Other evidence will establish Dillon's knowledge and intent, and he will have an opportunity to challenge that evidence and to note that the aerial photograph bears little on his knowledge of the restricted grounds.

---

[1] For this reason, Dillon's proposed compromise—"remove the red line" (*id.* at 2)—would render the exhibit irrelevant. Without the red line, the aerial photo does nothing to help the jury understand the restricted area or its dimensions.

For the foregoing reasons, the United States respectfully requests that the Court rule that the government's exhibit is admissible.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:      /s/ John Oxenreiter
JOHN OXENREITER
New York Bar Reg. No. 5511597
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, DC 20530
John.Oxenreiter@usdoj.gov
(202) 252-7228

MICHAEL L. BARCLAY
New York Bar Reg. No. 5441423
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, DC 20530
Michael.Barclay@usdoj.gov
(202) 252-7669