UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Case No: 23-CR-108 (TSC) |
| v. | : | |
| | : | |
| MICHAEL JOHN DILLON | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The Government hereby proposes the following jury instructions, subject to issues that arise during trial.[1]

### Preliminary Instructions
### [in addition to the Court's standard preliminary instructions]

1. Definitions: Stipulation of Fact, Redbook[2] 1.103(A), *as applicable*

2. Definitions: Stipulation of Testimony, Redbook 1.103(B), *as applicable*

3. Definitions: Judicial Notice, Redbook 1.103(D), *as applicable*

### Final Instructions

1. Notetaking by Jurors, Redbook 1.105

2. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

3. Function of the Court, Redbook 2.101

4. Function of the Jury, Redbook 2.102

5. Jury's Recollection Controls, Redbook 2.103

---

[1] The Court's pretrial order required the parties to submit its proposed jury instructions and verdict form "jointly to the extent possible." (ECF No. 31.) However, because the defense has not responded to Government counsel's repeated requests for its position on its proposed jury instructions and verdict form, the Government files its proposals separately.

[2] The "Redbook" refers to Criminal Jury Instructions for the District of Columbia (Fifth Edition, 2023 Release).

6. Evidence in the Case, Redbook 2.104

7. Statements of Counsel, Redbook 2.105

8. Information Not Evidence, Redbook 2.106

9. Burden of Proof, Redbook 2.107

10. Reasonable Doubt, Redbook 2.108

11. Direct and Circumstantial Evidence, Redbook 2.109

12. Nature of Charges Not to Be Considered, Redbook 2.110

13. Number of Witnesses, Redbook 2.111

14. Inadmissible and Stricken Evidence, Redbook 2.112, *as applicable*

15. Credibility of Witnesses, Redbook 2.200

16. Police Officer's Testimony, Redbook 2.207

17. Preparation of Witnesses [see proposal below]

18. Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209, *as applicable*

19. Character of Defendant, Redbook 2.213, *as applicable*

20. Count One, 18 U.S.C. § 1752(a)(1) [see proposal below]

21. Count Two, 18 U.S.C. § 1752(a)(2) [see proposal below]

22. Count Three, 40 U.S.C. § 5104(e)(2)(D) [see proposal below]

23. Count Four, 40 U.S.C. § 5104(e)(2)(G) [see proposal below]

24. Limiting Instruction: Statements by Defendant and Other Individuals [see proposal below]

25. Proof of State of Mind, Redbook 3.101

26. Multiple Counts- One Defendant, Redbook 2.402

27. Unanimity—General, Redbook 2.405

28. Verdict Form Explanation, Redbook 2.407

29. Redacted Exhibits, Redbook 2.500

30. Exhibits During Deliberations, Redbook 2.501

31. Selection of Foreperson, Redbook 2.502

32. Possible Punishment Not Relevant, Redbook 2.505

33. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

34. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

35. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

36. Excusing Alternate Jurors, Redbook 2.511

**Proposed Instruction No. 17**
**Preparation of Witnesses**

You may have heard testimony about witnesses meeting with attorneys or investigators before they testified. You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.[3]

---

[3] Final Jury Instructions, ECF No. 93 at 21, *United States v. St. Cyr*, 22-cr-185-JDB (D.D.C. March 10, 2023).

**Proposed Instruction No. 20**
**Count One – Entering or Remaining in a Restricted Building or Grounds**[4]
(18 U.S.C. § 1752(a)(1))

Count One of the Information charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the

---

[4] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For January 6 cases using similar instructions, *see United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk*, et al., 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[5]

---

[5] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.10; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)).

**Proposed Instruction No. 21**
**Count Two – Disorderly or Disruptive Conduct in a Restricted Building or Grounds[6]**
(18 U.S.C. § 1752(a)(2))

Count Two of the Information charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[7] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is

---

[6] 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 14).

[7] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[8]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[9]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count One.

---

[8] *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 37-38).

[9] Redbook 6.643.

**Proposed Instruction No. 22**
**Count Three – Disorderly Conduct in a Capitol Building or Grounds[10]**
40 U.S.C. § 5104(e)(2)(D)

Count Three of the Information charges the defendant with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.  The "Capitol Grounds" includes the area depicted in Government's Exhibit 102.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Two.

For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[11]

---

[10] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 28); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 10-11).

[11] *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 17).

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[12]

The term "knowingly" has the same meaning described in the instructions for Count One.

---

[12] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted). "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose. In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 191-92 (internal quotation marks omitted).

**Proposed Instruction No. 23**
**Count Four –Parading, Demonstrating, or Picketing in a Capitol Building[13]**
40 U.S.C. § 5104(e)(2)(G)

Count Four of the Information charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

> Second, the defendant acted willfully and knowingly.

Definitions

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[14]

The term "knowingly" has the same meaning described in the instructions for Count One. The terms "Capitol Buildings" and "willfully" have the same meanings described in the instructions for Count Three.

---

[13] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 42); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 8); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 29); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 11).

[14] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 44).  *See also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

**Proposed Instruction No. 24**
**Limiting Instruction – Statements by Defendant and Other Individuals[15]**

You have heard evidence about statements made to and by the defendant and other individuals. The First Amendment of the United States Constitution protects an individual's right to free speech, including speech that you may find to be vile, hateful, or offensive. The First Amendment does not, however provide a right to engage in speech that is integral to criminal conduct. You may not find that the defendant committed a crime simply because you find that the defendant, or other individuals, engaged in speech you find to be offensive. You may, however, consider the statements made by the defendant and other individuals as evidence that, for example, the defendant had a certain motive, intent, or knowledge.

---

[15] Final Jury Instructions, ECF No. 72 at 20, *United States v. Reed Knox Christensen*, 21-cr-455-RCL (D.D.C. Sept. 15, 2023); Final Jury Instructions, ECF No. 100 at 13, *United States v. Elmer Stewart Rhodes III et al.*, 22-cr-15-APM (D.D.C. Nov. 21, 2022).