UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Crim. No. 23-cr-108 (TSC) |
| MICHAEL JOHN DILLON : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S PROPOSED VOIR DIRE**

The Government respectfully requests that the Court read the following narrative and ask the following proposed voir dire questions during jury selection on January 8, 2024. The Government further respectfully requests that the parties have permission to ask follow-up questions of individual prospective jurors.[1]

**Narrative**

This is a criminal case entitled *United States v. Michael John Dillon*. It arises out of the events at the U.S. Capitol on January 6, 2021. The government has alleged that Mr. Dillon committed four crimes relating to the riot that occurred at the United States Capitol on January 6, 2021. First, he is charged with entering or remaining in a restricted building or grounds. Second, he is charged with disorderly or disruptive conduct in a restricted building or grounds. Third, he is charged with disorderly conduct in a Capitol Building or grounds. And fourth, he is charged with parading, demonstrating, or picketing in a Capitol Building. Mr. Dillon has pleaded not guilty to all charges.

---

[1] The Court's pre-trial order required the parties to jointly submit a short narrative description of the case and proposed voir dire questions. (ECF No. 31.) However, because the defense has not responded to Government counsel's repeated requests for its position, the Government files its proposal separately.

1

**Voir Dire Questions**

1. Having now heard a brief description of the case, do you know or have you heard anything about this case?

2. Is there anything about the nature of the charges that would make it difficult for you to render a fair and impartial verdict in this case?

3. The United States in this case is represented by Assistant United States Attorneys Michael Barclay and John Oxenreiter, who will be accompanied by paralegal Rachel Marcelin and FBI Task Force Office Alexander Grandy. Do you know any of these individuals?

4. The defendant in this case is Mr. Michael Dillon, who lives in the Fort Meyers area in Florida. Do you recognize or think you might know Mr. Dillon?

5. Mr. Dillon is represented in this case by Attorney John Pierce. Do you recognize or think you might know Mr. Pierce?

6. [The Court will read off the list of expected witnesses.] Do you know any of these witnesses?

7. Do you recognize or think that you might know any other member of the jury panel or any other person in the courtroom, including me or my courtroom staff?

8. The law provides that the defendant is presumed innocent. The burden is on the government to prove him guilty of each element of each offense beyond a reasonable doubt. The defendant does not have to produce any evidence at trial because he is not required to prove his innocence. Nor is the defendant required to prove any fact in dispute in this case. This instruction is based on the law. This presumption continues through the trial unless and until the government proves a defendant guilty beyond a reasonable doubt. Would you have any difficulty following this principle?

9. The defendant, like every defendant in a criminal case, has the absolute right not to testify. Our constitution provides that no defendant may be compelled to testify. If the defendant elects not to testify in this case, you must not draw any inference as to his guilt from that decision. Would you have any difficulty following this principle?

10. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might be. Would you have any difficulty following this principle?

11. Have you, a family member, or a close friend ever gone to law school, worked as a lawyer, or worked in a law office?

12. Have you, a family member, or a close friend ever worked in any capacity for any other type of law enforcement agency?  This includes any police department in or outside the District of Columbia, special police officers, prosecutors' offices such as the state's attorney or U.S. Attorney, Park Police, Department of Justice, Homeland Security, sheriffs' departments, or any other federal, or state, or local law enforcement agency?

13. Have you, a family member, or a close friend ever done any work for or with any person or organization that does criminal defense work, such as the Federal Defender's Office, the Public Defender's office, defense attorneys, or a private law firm? This question also includes work as a private investigator.

14. Have you, a family member, or a close friend ever worked at a courthouse or for a court system, including as a probation or parole officer?

15. Do you, a family member, or a close friend have a pending application for employment with the United States Attorney's Office or any prosecutor's office; a public defender service; a

law firm that does criminal defense work; or with any local, state, or federal law enforcement agency?

16.     I will be instructing you at the end of the trial that the testimony of a law enforcement officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness is a law enforcement officer.  Does anyone have such strong feelings about law enforcement– either positive or negative – that would make it difficult for you to follow that instruction?

17.     Have you ever served on a jury, whether a grand jury or a trial jury, in federal or in state court?

18.     Have you ever filed a lawsuit, or had a lawsuit of any kind filed against you?

19.     Have you, a family member, or a close friend ever been a victim of or witness to a crime?

20.     Have you, a family member, or a close friend ever been arrested for, charged with, found guilty of, or gone to jail for a crime?

21.     Do you, a family member, or a close friend live or work at or near the U.S. Capitol?

22.     Were you, a family member, or close friend present at or near the U.S. Capitol on January 6, 2021?

23.     Were you, a family member, or a close friend directly affected by the events at the U.S. Capitol on January 6?

24.     Have you been following the investigation of the events of January 6, 2021, at the U.S. Capitol in the news media or on the internet?

25.     You are to decide this case based only on the evidence presented in court and not based on anything you may have learned about it from outside sources such as the news or social media.

Can you set aside what you have learned about January 6 and any opinions you may have already formed about people charged with criminal conduct in relation to those events when considering the evidence in this case?

26. Are you able to read, speak, and understand the English language?

27. Do you have any trouble seeing or hearing?

28. Do you have trouble paying attention for long periods of time?

29. Do you take medication or suffer from any physical pain that makes it difficult for you to sit and focus for long periods of time?

30. Do you hold any moral, social, political, philosophical, religious, or any other beliefs that would interfere with your ability to assess the facts and return a fair and impartial verdict based solely upon the evidence?

31. If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with regard to this case for any purpose.  That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this case, Googling this case or any of its participants, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites.  Do you have any reservations or concerns about your ability or willingness to follow this instruction?

32. Jurors are the sole judges of the facts.  However, the jury must follow the principles of law as instructed by me.  The jury may not follow some rules of law and ignore others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them.  Do you have any personal beliefs that would make it difficult to follow my legal instructions, whatever they may be?

33.     My final question is a "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Is there some other reason that would make it difficult for you to sit as a fair and impartial juror in this case?

                                                  Respectfully submitted,

                                                  MATTHEW M. GRAVES
                                                  UNITED STATES ATTORNEY
                                                  D.C. Bar No. 481052

By:     */s/ Michael L. Barclay*
          MICHAEL L. BARCLAY
          Assistant United States Attorney
          N.Y. Bar Reg. No. 5441423
          U.S. Attorney's Office for the District of Columbia
          601 D Street, NW
          Washington, D.C. 20001
          (202) 252-7669
          Michael.Barclay@usdoj.gov

          JOHN OXENREITER
          New York Bar Reg. No. 5511597
          Assistant United States Attorney
          U.S. Attorney's Office for the District of Columbia
          601 D Street NW
          Washington, DC 20530
          John.Oxenreiter@usdoj.gov
          (202) 252-7228