**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No: 23-CR-108 (TSC)** |
| **v.** | : | |
| **MICHAEL JOHN DILLON** | : | |
| **Defendant.** | : | |

**DILLON'S PROPOSED JURY INSTRUCTIONS**

Dillon hereby propose the following jury instructions, subject to issues that arise during trial. Dillon strikes through the government's proposed language which he objects to; and adds proposed language in red or yellow highlights.

**Preliminary Instructions**
**[in addition to the Court's standard preliminary instructions]**

1. Definitions: Stipulation of Fact, Redbook[1] 1.103(A), *as applicable*
2. Definitions: Stipulation of Testimony, Redbook 1.103(B), *as applicable*
3. Definitions: Judicial Notice, Redbook 1.103(D), *as applicable*

**Final Instructions**

1. Notetaking by Jurors, Redbook 1.105
2. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100
3. Function of the Court, Redbook 2.101
4. Function of the Jury, Redbook 2.102
5. Jury's Recollection Controls, Redbook 2.103
6. Evidence in the Case, Redbook 2.104

[1] The "Redbook" refers to Criminal Jury Instructions for the District of Columbia (Fifth Edition, 2023 Release).

7. Statements of Counsel, Redbook 2.105

8. Information Not Evidence, Redbook 2.106

9. Burden of Proof, Redbook 2.107

10. Reasonable Doubt, Redbook 2.108

11. Direct and Circumstantial Evidence, Redbook 2.109

12. Nature of Charges Not to Be Considered, Redbook 2.110

13. Number of Witnesses, Redbook 2.111

14. Inadmissible and Stricken Evidence, Redbook 2.112, *as applicable*

15. Credibility of Witnesses, Redbook 2.200

16. Police Officer's Testimony, Redbook 2.207

17. Preparation of Witnesses [see proposal below]

18. Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209, *as applicable*

19. Character of Defendant, Redbook 2.213*, as applicable*

20. Count One, 18 U.S.C. § 1752(a)(1) [see proposal below]

21. Count Two, 18 U.S.C. § 1752(a)(2) [see proposal below]

22. Count Three, 40 U.S.C. § 5104(e)(2)(D) [see proposal below]

23. Count Four, 40 U.S.C. § 5104(e)(2)(G) [see proposal below]

24. Limiting Instruction: Statements by Defendant and Other Individuals [see proposal below]

25. Proof of State of Mind, Redbook 3.101

26. Multiple Counts- One Defendant, Redbook 2.402

27. Unanimity—General, Redbook 2.405

28. Verdict Form Explanation, Redbook 2.407

29. Redacted Exhibits, Redbook 2.500

30. Exhibits During Deliberations, Redbook 2.501

31. Selection of Foreperson, Redbook 2.502

32. Possible Punishment Not Relevant, Redbook 2.505

33. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

34. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

35. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

36. Excusing Alternate Jurors, Redbook 2.511

**Proposed Instruction No. 17**
**Preparation of Witnesses**

You may have heard testimony about witnesses meeting with attorneys or investigators before they testified. You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.[2]

[2] Final Jury Instructions, ECF No. 93 at 21, *United States v. St. Cyr*, 22-cr-185-JDB (D.D.C. March 10, 2023).

**Proposed Instruction No. 20**
**Count One – Entering or Remaining in a Restricted Building or Grounds**[3]
(18 U.S.C. § 1752(a)(1))

Count One of the Information charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowing that the area was restricted.

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise walled or barricaded area of a building or grounds.

An area can also become restricted if the Secret Service reasonably designates the area as a place where a protectee will be temporarily visiting.

The term "remaining" means staying or refusing to leave after being told to leave, or staying after others are gone.[4]

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

[3] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For January 6 cases using similar instructions, *see United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al*., 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk*, et al., 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

[4] See, e.g., Britannica Dictionary, "to be left when the other parts are gone . . ." or "to stay after others have gone."

"Temporarily visiting" means an area where a Secret Service protectee is visiting as a guest away from the protectee's normal housing or office.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[5]

A person who enters a restricted area with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, you cannot find Mr. Todd guilty of Count One unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in a restricted building or grounds.

[5] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.10; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)).

**Proposed Instruction No. 21**
**Count Two – Disorderly or Disruptive Conduct in a Restricted Building or Grounds[6]**
(18 U.S.C. § 1752(a)(2))

Count Two of the Information charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[7] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is

---

[6] 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 14).

[7] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[8]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[9]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count One.

A defendant may only be convicted of disorderly or disruptive conduct which he himself individually committed. He may not be convicted on the basis of what other people do.

[8] *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 37-38).

[9] Redbook 6.643.

**Proposed Instruction No. 22**
**Count Three – Disorderly Conduct in a Capitol Building or Grounds[10]**
40 U.S.C. § 5104(e)(2)(D)

Count Three of the Information charges the defendant with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The "Capitol Grounds" includes the area depicted in Government's Exhibit 102.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Two.

For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[11]

---

[10] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 28); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 10-11).

[11] *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 17).

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[12]

The term "knowingly" has the same meaning described in the instructions for Count One.

[12] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted). "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose. In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 191-92 (internal quotation marks omitted).

**Proposed Instruction No. 23**
**Count Four –Parading, Demonstrating, or Picketing in a Capitol Building**[13]
40 U.S.C. § 5104(e)(2)(G)

Count Four of the Information charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

Third that the defendant's parading, demonstrating, or picketing delayed, impeded, or otherwise disrupted the orderly processes within the Capitol.

Definitions

The terms "parade" and "picket" have their ordinary meanings. The law does not prohibit all organized expression, speechmaking, or advocacy; only conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings.[14]

---

[13] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 42); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 8); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 29); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 11).

[14] In *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000), this district court specifically upheld an organized "prayer tour" inside the Capitol, during which "Reverend Bynum led a small group of people to various historic sites in the Capitol," viewing,

praying, and speaking "in a quiet, conversational tone, during which the members of the group bowed their heads and folded their hands."

While Bynum did pronounce that the interior of the Capitol is not a "public forum" in the way that a public sidewalk is, *Bynum* did not set much of a floor or ceiling on freedom of speech or advocacy.

> As the seat of the legislative branch of the federal government, the inside of the Capitol might well be considered to be the heart of the nation's expressive activity and exchange of ideas. After all, every United States citizen has the right to petition his or her government, and the Houses of Congress are among the great democratic, deliberative bodies in the world. But it also has been recognized that the expression of ideas inside the Capitol may be regulated in order to permit Congress peaceably to carry out its lawmaking responsibilities and to permit citizens to bring their concerns to their legislators. There are rules that members of Congress must follow, as well as rules for their constituents. To that end, Congress enacted the statute at issue here so that citizens would be "assured of the rights of freedom of expression and of assembly and the right to petition their Government," without extending to a minority "a license . . . to delay, impede, or otherwise disrupt the orderly processes of the legislature which represents all Americans."

*Bynum* at 55-56.

Later, on page 57 of the Opinion, Judge Friedman explicitly held that "speechmaking" and other "expressive conduct" is allowed in the halls of the Capitol.

Definitions

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[15]

The term "knowingly" has the same meaning described in the instructions for Count One. The terms "Capitol Buildings" and "willfully" have the same meanings described in the instructions for Count Three.

---

> While the regulation is justified by the need expressed in the statute to prevent disruptive conduct in the Capitol, it sweeps too broadly by inviting the Capitol Police to restrict behavior that is in no way disruptive, such as **"speechmaking . . . or other expressive conduct. . . ."**

At the bottom of the opinion, Judge Friedman ruled that it is "FURTHER ORDERED that defendants, their agents and employees are ENJOINED AND RESTRAINED from enforcing **any restrictions on First Amendment** conduct within the United States Capitol on the basis that such conduct is "expressive conduct that convey[s] a message supporting or opposing a point of view or has the . . . propensity to attract a crowd of onlookers."

[15] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 44). *See also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

**Proposed Instruction No. 24**
**Limiting Instruction – Statements by Defendant and Other Individuals[16]**

You have heard evidence about statements made to and by the defendant and other individuals. The First Amendment of the United States Constitution protects an individual's right to free speech, including speech that you may find to be vile, hateful, or offensive. The First Amendment does not, however provide a right to engage in speech that is integral to criminal conduct. You may not find that the defendant committed a crime simply because you find that the defendant, or other individuals, engaged in speech you find to be offensive. You may, however, consider the statements made by the defendant and other individuals as evidence that, for example, the defendant had a certain motive, intent, or knowledge.

[THREE PROPOSED INSTRUCTIONS: MERE PRESENCE, INDIVIDUALIZED GUILT, AND FIRST AMENDMENT RIGHTS:]

**6.10 MERE PRESENCE[17]**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of [*specify crime charged*]. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

**Proposed Instruction No. __**

**Guilt Must be individualized**

The determination of guilt must be an individualized matter. Defendant Kastner cannot be convicted of crimes by a mob or group, unless you find beyond a reasonable doubt that Kastner himself committed such crimes.

---

[16] Final Jury Instructions, ECF No. 72 at 20, *United States v. Reed Knox Christensen*, 21-cr-455-RCL (D.D.C. Sept. 15, 2023); Final Jury Instructions, ECF No. 100 at 13, *United States v. Elmer Stewart Rhodes III et al.*, 22-cr-15-APM (D.D.C. Nov. 21, 2022).

[17] From U.S. 9th Circuit Pattern Jury Instructions.

The right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct or advocated doctrine that itself is not protected.

*N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1992); Scales v. United States, 367 U.S. 203, 229 (1961); *Carr v. District of Columbia*, 561 F. Supp. 2d 7, 13 (D.D.C. 2008). See also *Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006). "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another ...."

**Proposed Instruction No. __**

**First Amendment Rights**

Every United States citizen has the right to petition his or her government, to criticize government in angry or even hateful ways, and express ideas and bring their concerns to their legislators. Even hyperbolic threats are protected under the First Amendment, unless such threats rise to the level of threatening imminent unlawful violence in a context where such unlawful violence is likely to occur. Additionally, every person has the right to peaceably assemble with others to criticize or petition his or her government.

Dated: December 5, 2023

Respectfully Submitted,

*/s/ John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, December 5, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce