UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Case No: 23-CR-108 (TSC)** |
| **v.** | : | |
| | : | |
| **MICHAEL JOHN DILLON** | : | |
| | : | |
| **Defendant.** | : | |

**PARTIES' PROPOSED JURY INSTRUCTIONS**

The parties hereby propose the following jury instructions, subject to issues that arise during trial. Where the parties do not agree on an instruction, it is noted below in red.

**Preliminary Instructions**
**[in addition to the Court's standard preliminary instructions]**

1. Definitions: Stipulation of Fact, Redbook[1] 1.103(A), *as applicable*
2. Definitions: Stipulation of Testimony, Redbook 1.103(B), *as applicable*
3. Definitions: Judicial Notice, Redbook 1.103(D), *as applicable*

**Final Instructions**

1. Notetaking by Jurors, Redbook 1.105
2. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100
3. Function of the Court, Redbook 2.101
4. Function of the Jury, Redbook 2.102
5. Jury's Recollection Controls, Redbook 2.103
6. Evidence in the Case, Redbook 2.104
7. Statements of Counsel, Redbook 2.105

---

[1] The "Redbook" refers to Criminal Jury Instructions for the District of Columbia (Fifth Edition, 2023 Release).

8. Information Not Evidence, Redbook 2.106

9. Burden of Proof, Redbook 2.107

10. Reasonable Doubt, Redbook 2.108

11. Direct and Circumstantial Evidence, Redbook 2.109

12. Nature of Charges Not to Be Considered, Redbook 2.110

13. Number of Witnesses, Redbook 2.111

14. Inadmissible and Stricken Evidence, Redbook 2.112, *as applicable*

15. Credibility of Witnesses, Redbook 2.200

16. Police Officer's Testimony, Redbook 2.207

17. Preparation of Witnesses [see proposal below]

18. Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209, *as applicable*

19. Character of Defendant, Redbook 2.213, *as applicable*

20. Count One, 18 U.S.C. § 1752(a)(1) [see proposal below; government objects to defense modifications]

21. Count Two, 18 U.S.C. § 1752(a)(2) [see proposal below; government objects to defense modifications]

22. Count Three, 40 U.S.C. § 5104(e)(2)(D) [see proposal below; government objects to defense modifications]

23. Count Four, 40 U.S.C. § 5104(e)(2)(G) [see proposal below; government objects to defense modifications]

24. Limiting Instruction: Statements by Defendant and Other Individuals [see proposal below]

25. Mere Presence [defense proposal; government objects]

26. Guilt Must Be Individualized [defense proposal; government objects]

27. First Amendment rights [defense proposal; government objects]

28. Proof of State of Mind, Redbook 3.101

29. Multiple Counts- One Defendant, Redbook 2.402

30. Unanimity—General, Redbook 2.405

31. Verdict Form Explanation, Redbook 2.407

32. Redacted Exhibits, Redbook 2.500

33. Exhibits During Deliberations, Redbook 2.501

34. Selection of Foreperson, Redbook 2.502

35. Possible Punishment Not Relevant, Redbook 2.505

36. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

37. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

38. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

39. Excusing Alternate Jurors, Redbook 2.511

**Proposed Instruction No. 17**
**Preparation of Witnesses**

You may have heard testimony about witnesses meeting with attorneys or investigators before they testified. You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.[2]

[2] Final Jury Instructions, ECF No. 93 at 21, *United States v. St. Cyr*, 22-cr-185-JDB (D.D.C. March 10, 2023).

**Proposed Instruction No. 20**
**Count One – Entering or Remaining in a Restricted Building or Grounds**[3]
(18 U.S.C. § 1752(a)(1))

Count One of the Information charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

**Government's Proposal on the Second Element**: Second, the defendant did so knowingly.

**Defense Proposal on the Second Element**: Second, the defendant knew that he was in the area, that the area was off limits, and that a person protected by the Secret Service was in the area.

**Government's Objection**: The Government opposes this modification. Most notably, Dillon seeks to add a requirement that the Government prove that he knew a person protected by the Secret service was in the restricted area. This Court has already addressed and expressly rejected a request for a similar instruction on knowledge of a protectee's presence in *United States v. Anthony Vo*, 21-cr-509 (TSC), 9/22/23 Trial Tr. 1199:22-1200:13. The text and structure, statutory history and congressional intent, and purpose of

---

[3] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For January 6 cases using similar instructions, *see United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk*, et al., 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

18 U.S.C. § 1752(a)(1) all support that "knowingly" modifies only the first component of the statute's definition of "restricted building or grounds," *i.e.* that a defendant must know he is in a "posted, cordoned off, or otherwise restricted area," but not the further components of the definitional subsection, § 1752(c)(1), such as the presence of a protectee. While some judges have concluded otherwise, the weight of authority in this District supports the Government's view, and the D.C. Circuit has heard argument but has yet to rule on the issue.[4] Nonetheless, the Government stands ready to offer additional briefing should the Court so require.

Definitions

**Government's Proposal on the definition of "restricted building or grounds":** The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

**Defense Proposal on the definition of "restricted building or grounds":** The term "restricted building or grounds" means any posted, cordoned off, or otherwise walled or barricaded area of a building or grounds. An area can also become restricted if the Secret Service reasonably designates the area as a place where a protectee will be temporarily visiting.

**Government's Objection**: The Government opposes this proposed modification. Defense's substitution of the words "walled or barricaded" for "otherwise restricted" unduly

[4] *Compare United States v. David Elizalde*, 23-cr-170 (CJN), Memorandum Opinion, Doc. 39; *United States v. Bingert*, 21-cr-91 (RCL), Note to Counsel, Doc. 163, *and United States v. Gunby*, 1:21-cr-626 (PLF), 11/13/23 Final Jury Instructions, Doc. 114 at 30-34; *United States v. Samsel*, 21-cr-537 (JMC), 11/2/23 Minute Order; *United States v. Eicher*, 22-cr-38 (BAH), Doc. 83 at 1 (jury notes), 6/14/23 Trial Tr. 8:7-22; *United States v. Griffin*, 21-CR-92 (TNM), Tr. of Bench Trial, Doc. 106, 330–32, *on appeal*, *United States v. Griffin*, No. 22-3042.

narrows the statutory definition of a "restricted building or grounds." 18 U.S.C. § 1752(c)(1)(B) (a restricted building or grounds is a "posted, cordoned off, or otherwise restricted area . . . (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting.")  The term "otherwise restricted" is not and should not be limited to "walled or barricaded" or even to physical restrictions; by its plain meaning, "otherwise restricted" means less accessible in a different or similar way to the preceding adjectives.  Further, defense's proposed requirement that the Secret Service designate the area is contrary to the unambiguous text of the statute—as numerous other courts in this District have found.[5]  For the same reasons, the requirement that the Secret Service's designation be "reasonabl[e]" is clearly contradicted by the statute's plain text, which requires no designation at all.

**Defense Proposal on the definition of "remaining:"** The term "remaining" means staying or refusing to leave after being told to leave, or staying after others are gone.[6]

**Government's Objection:** The Government opposes this proposed instruction.  The term "remaining" should be given its plain meaning and does not require definition.  In addition, the dictionary definition cited by the defense does not support the proposed definition—specifically the requirement that one can only remain "after being told to leave."  Defense's cited definition also omits a more appropriate alternative definition from the same dictionary source: "to stay in the same place or with the same person or group."

---

[5] *See, e.g., United States v. Rhine*, 652 F. Supp. 3d 38, 53 (D.D.C. 2023) ("Defendant first argues that § 1752 requires that the Secret Service be the agency to create a restricted area. . . . as the other courts in this district have held, § 1752 requires no such thing") (collecting cases); *United States v. Puma*, 596 F. Supp. 3d 90, 109 (D.D.C. 2022) (same); *United States v. McHugh*, 583 F. Supp. 3d 1, 30 (D.D.C. 2022); *United States v. Bingert*, 605 F. Supp. 3d 111, 131 (D.D.C. 2022).

[6] *See*, e.g., Britannica Dictionary, "to be left when the other parts are gone . . ." or "to stay after others have gone".

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

**Defense's Proposal:** "Temporarily visiting" means an area where a Secret Service protectee is visiting as a guest away from the protectee's normal housing or office.

**Government's Objection:** The Government opposes this instruction. To the extent that the defense will argue that the Vice President was not "temporarily visiting" his Ceremonial office at the Capitol on January 6, 2021, this instruction is legally incorrect. As every court in this district to consider the issue to date has found, the Vice President was "temporarily visiting" his Ceremonial Office on January 6, 2021.[7]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[8]

**Defense's Proposal:** A person who enters a restricted area with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, you cannot find Mr. Dillon

---

[7] *See, e.g.,* Memorandum Order, ECF No. 712, *United States v. Steven Carpuccio,* 21-cr-40 (TNM) (Oct. 23, 2023); *Rhine,* 2023 WL 372044, at *6–7 (collecting cases); *McHugh*, 583 F. Supp. at 34-35*; Bingert*, 605 F. Supp. 3d at 132; *Puma,* 596 F. Supp. 3d at 112-14.

[8] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.10; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)).

guilty of Count One unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in a restricted building or grounds.

**Government's Objection:** The Government opposes this instruction. The Government must prove, among other things, that the defendant knew he lacked lawful authority to enter or remain in a restricted area.[9] Good faith is not an affirmative defense but is simply the inverse of what the Government must prove. If Dillon's contention is that he had good faith belief that he had lawful authority to enter or remain in the restricted area, then some evidence of the basis of his good faith belief is required at trial. For the reasons described in the Government's pending motion *in limine* on a public authority defense, Dillon cannot reasonably have relied on the statements of the former President to authorize his illegal trespass. Absent any evidence adduced at trial of good faith belief that he was entering with lawful authority, this instruction is inappropriate and encourages nullification.[10]

[9] *See, e.g.,* Final Jury Instructions, ECF No. 119 at 30, *United States v. Reffitt*, 21-CR-32 (DLF) (D.D.C. 3/7/22).

[10] *United States v. Anthony Vo*, 21-cr-509 (TSC), 9/22/23 Trial Tr. 1200:14-1202:4 (rejecting identical instruction).

**Proposed Instruction No. 21**
**Count Two – Disorderly or Disruptive Conduct in a Restricted Building or Grounds**[11]
(18 U.S.C. § 1752(a)(2))

Count Two of the Information charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[12] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is

---

[11] 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 14).

[12] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[13]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[14]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count One.

**Defense's Proposal:** A defendant may only be convicted of disorderly or disruptive conduct which he himself individually committed. He may not be convicted on the basis of what other people do.

**Government's Objection:** The Government opposes this instruction. The jury instructions regarding the Government's burden of proof and this offense adequately describe the basis upon which Dillon may be convicted. Dillon provides no authority for deviating from the Government's proposed instruction.

---

[13] *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 37-38).

[14] Redbook 6.643.

**Proposed Instruction No. 22**
**Count Three – Disorderly Conduct in a Capitol Building or Grounds**[15]
40 U.S.C. § 5104(e)(2)(D)

Count Three of the Information charges the defendant with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The "Capitol Grounds" includes the area depicted in Government's Exhibit 102.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Two.

For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[16]

---

[15] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 28); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 10-11).

[16] *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 17).

**Defense's Proposal:** A defendant may only be convicted of disorderly or disruptive conduct which he himself individually committed. He may not be convicted on the basis of what other people do.

**Government's Objection:** The Government opposes this instruction. The jury instructions regarding the Government's burden of proof and this offense adequately describe the basis upon which Dillon may be convicted. Dillon provides no authority for deviating from the Government's proposed instruction.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[17]

The term "knowingly" has the same meaning described in the instructions for Count One.

[17] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted). "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose. In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 191-92 (internal quotation marks omitted).

**Proposed Instruction No. 23**
**Count Four –Parading, Demonstrating, or Picketing in a Capitol Building**[18]
40 U.S.C. § 5104(e)(2)(G)

Count Four of the Information charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

**Defense Proposal on a Third Element**: Third that the defendant's parading, demonstrating, or picketing delayed, impeded, or otherwise disrupted the orderly processes within the Capitol.

**Government's Objection**: The Government opposes this proposed addition. Dillon suggests adding a third element to the proposed jury instruction requiring the Government to prove that Dillon's conduct delayed, impeded, or otherwise disrupted orderly processes within the Capitol. Dillon provides no authority for this deviation from this Court's previous jury instructions.[19] A plain reading of the statute does not require evidence of the impact of a defendant's picketing, parading, or demonstrating; the statute simply requires that such acts be

[18] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 42); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 8); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 29); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 11).

[19] *See, e.g.,* Final Jury Instructions, *United States v. Antony Vo*, 21-cr-509 (TSC); Transcript of Oct. 5, 2022 Trial, ECF No. 100 at 96-97, *United States v. Russell Dean Alford*, 21-cr-263 (TSC) (D.D.C).

done "willfully and knowingly."

Definitions

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[20]

**Defense proposed addition:** The law does not prohibit all organized expression, speechmaking, or advocacy; only conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings.[21]

---

[20] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 44). *See also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

[21] **Defense rationale:** In *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000), this district court specifically upheld an organized "prayer tour" inside the Capitol, during which "Reverend Bynum led a small group of people to various historic sites in the Capitol," viewing, praying, and speaking "in a quiet, conversational tone, during which the members of the group bowed their heads and folded their hands."

While Bynum did pronounce that the interior of the Capitol is not a "public forum" in the way that a public sidewalk is, *Bynum* did not set much of a floor or ceiling on freedom of speech or advocacy. As the seat of the legislative branch of the federal government, the inside of the Capitol might well be considered to be the heart of the nation's expressive activity and exchange of ideas. After all, every United States citizen has the right to petition his or her government, and the Houses of Congress are among the great democratic, deliberative bodies in the world. But it also has been recognized that the expression of ideas inside the Capitol may be regulated in order to permit Congress peaceably to carry out its lawmaking responsibilities and to permit citizens to bring their concerns to their legislators. There are rules that members of Congress must follow, as well as rules for their constituents. To that end, Congress enacted the statute at issue here so that citizens would be "assured of the rights of freedom of expression and of assembly and the right to petition their Government," without extending to a minority "a license . . . to delay, impede, or otherwise disrupt the orderly processes of the legislature which represents all Americans."

*Bynum* at 55-56. Later, on page 57 of the Opinion, Judge Friedman explicitly held that "speechmaking" and other "expressive conduct" is allowed in the halls of the Capitol.
While the regulation is justified by the need expressed in the statute to prevent disruptive conduct in the Capitol, it sweeps too broadly by inviting the Capitol Police to restrict behavior that is in no way disruptive, such as **"speechmaking . . . or other expressive conduct. . . ."**

**Government's Objection**: The Government opposes this proposed instruction. The Government's instruction already addresses Judge Friedman's gloss on the word "demonstrate" in 40 U.S.C. § 5104(e)(2)(G) in *Bynum,* by including "conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings," and excluding "activities such as quiet praying." The Capitol Police Board regulation that was the focus of the remainder of the opinion is not at issue here; Dillon is charged with violating a criminal statute.

The term "knowingly" has the same meaning described in the instructions for Count One. The terms "Capitol Buildings" and "willfully" have the same meanings described in the instructions for Count Three.

---

At the bottom of the opinion, Judge Friedman ruled that it is "FURTHER ORDERED that defendants, their agents and employees are ENJOINED AND RESTRAINED from enforcing **any restrictions on First Amendment** conduct within the United States Capitol on the basis that such conduct is "expressive conduct that convey[s] a message supporting or opposing a point of view or has the . . . propensity to attract a crowd of onlookers."

**Proposed Instruction No. 24**
**Limiting Instruction – Statements by Defendant and Other Individuals**[22]

You have heard evidence about statements made to and by the defendant and other individuals. The First Amendment of the United States Constitution protects an individual's right to free speech, including speech that you may find to be vile, hateful, or offensive. The First Amendment does not, however provide a right to engage in speech that is integral to criminal conduct. You may not find that the defendant committed a crime simply because you find that the defendant, or other individuals, engaged in speech you find to be offensive. You may, however, consider the statements made by the defendant and other individuals as evidence that, for example, the defendant had a certain motive, intent, or knowledge.

[22] Final Jury Instructions, ECF No. 72 at 20, *United States v. Reed Knox Christensen*, 21-cr-455-RCL (D.D.C. Sept. 15, 2023); Final Jury Instructions, ECF No. 100 at 13, *United States v. Elmer Stewart Rhodes III et al.*, 22-cr-15-APM (D.D.C. Nov. 21, 2022).

**Proposed Instruction No. 25**
**Mere Presence**[23]

**Defense Proposal:** Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of [specify crime charged]. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

**Government Objection**: The Government opposes the requested jury instruction. As the comment to this instruction explains, "[s]uch a 'mere presence' instruction is unnecessary if the government's case is not solely based on the defendant's presence and the jury has been instructed on the elements of the crime." *See* Ninth Circuit Model Criminal Jury Instruction, cmt to 5.12 (last revised 9/2018), https://www.ce9.uscourts.gov/jury-instructions/node/876. The substantive instruction for each charge accurately explains the appropriate elements that the Government must prove, such as the *actus reus* and *mens rea* requirements for each charge. *See United States v. Rivera*, 607 F.Supp.3d 1, 7, 9 (D.D.C. 2022) ("Even mere presence in an unlawful mob or riot is both (1) 'disorderly' in the sense that it furthers the mob's 'disturb[ing] the public peace' and (2) 'disruptive' insofar as it disturbs the normal and peaceful condition of the Capitol grounds and buildings, its official proceedings, and the safety of its lawful occupants."). Thus, the proposed jury instruction will lead to jury confusion.

---

[23] U.S. 9th Circuit Pattern Jury Instructions 6.10.

**Proposed Instruction No. 26**
**Guilt Must be Individualized**[24]

**Defense Proposal:** The determination of guilt must be an individualized matter. Defendant Dillon cannot be convicted of crimes by a mob or group, unless you find beyond a reasonable doubt that Dillon himself committed such crimes.

The right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct or advocated doctrine that itself is not protected.

**Government Objection**: The Government opposes the requested jury instruction. The proposed jury instructions accurately describe the burden of proof and the basis upon which the defendant may be convicted. Dillon's trial will include ample evidence which will support a jury's individualized finding that Dillon committed the charged criminal acts. Dillon's criminal activities at the Capitol—including jumping through a broken Senate Wing Door window to join the mob inside the Capitol— are not protected by the First Amendment, and the cases cited by the defense do not support that proposition. Proposed Instruction No. 24, as given by other judges in this district, is an appropriate limiting instruction concerning the First Amendment and the role of defendant's (and others') statements.

[24] **Defense rationale**: *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1992); Scales v. United States, 367 U.S. 203, 229 (1961); *Carr v. District of Columbia*, 561 F. Supp. 2d 7, 13 (D.D.C. 2008). *See also Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006). "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another ...."

**Proposed Instruction No. 27**
**First Amendment Rights**

**Defense Proposal:** Every United States citizen has the right to petition his or her government, to criticize government in angry or even hateful ways, and express ideas and bring their concerns to their legislators. Even hyperbolic threats are protected under the First Amendment, unless such threats rise to the level of threatening imminent unlawful violence in a context where such unlawful violence is likely to occur. Additionally, every person has the right to peaceably assemble with others to criticize or petition his or her government.

**Government Objection**: The Government opposes the requested jury instruction. Proposed Instruction No. 24, as given by other judges in this district, is an appropriate limiting instruction concerning the First Amendment and the role of defendant's (and others') statements. The defendant's proposed instruction lacks any supporting authority and risks jury nullification, as a jury might conclude that the Defendant is on trial for exercising his First Amendment rights, when Dillon is in fact on trial for his criminal acts and conduct on January 6, 2021.